OPINION
{¶ 1} Defendant-appellant Michael Ray Brunner appeals his conviction and sentence in the Stark County Court of Common Pleas, on two counts of child endangering following a jury's verdict of guilty on both counts. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 12, 2002, five-month-old Brandon Brunner was taken to the hospital with obvious facial injuries. Doctors observed recent bruising around both eyes, four linear bruises on the baby's forehead, and bruising on his back and the back of the child's head. Dr. Richard Langsdorf, the examining pediatrician, found the baby's head to be somewhat flattened, and further determined the baby had not reached certain developmental milestones. For example, the baby could not support any weight on his legs, indicating a possible hip or leg problem. An x-ray subsequently revealed a compression fracture of the left tibia. Dr. Langstodorf testified such a fracture was produced by the application of a great amount of force on the bottom of the child's feet, and was usually caused by dropping a baby from significant distance or with significant force.
 {¶ 3} Appellant was interviewed by a social worker and the police at the hospital. He first told the investigators the baby's two year old half-brother had been bouncing the baby on the bed when the baby fell off the bed. According to appellant, the baby's half-brother caused a car seat containing the baby to fall. When the baby and the seat fell, the handle of the car seat struck the baby's face, causing the facial injuries. Later, appellant modified this statement by stating the baby's half-brother struck the car seat, causing the car seat to fall. In this version, when the seat fell, the baby fell out of the seat and hit his face on the floor.
 {¶ 4} The police informed appellant the doctors did not believe the baby's facial injuries could be caused in either of the ways described by appellant. Appellant then told the police he had been playing with the baby throwing him up in the air and catching him. Appellant asserted he accidentally dropped the baby while playing this game.
 {¶ 5} The police again told appellant this accidental dropping could not have caused the baby's facial injuries and suggested appellant tell them the truth. Thereafter, appellant gave a taped statement. Appellant explained as he changed the baby's diaper, the baby urinated on appellant's face. In a rage, appellant struck the baby on the left side of the face and then blacked out. Because of this black-out, appellant was unable to remember how many times he struck the infant.
 {¶ 6} On April 19, 2002, the Stark County Grand Jury indicted appellant with two counts of endangering children, in violation of R.C.2919.22(B)(1), felonies of the second degree, and one count of felonious assault, in violation of R.C. 29203.11(A)(1), a felony of the second degree. Appellant plead not guilty to the charges and the case proceeded to trial. Just before trial, the indictment was amended to two counts of child endangering. One of the counts in the indictment was further amended during trial to reflect a larger time frame. After hearing the evidence, the jury found appellant guilty of both child endangering charges. In a July 3, 2002 Judgment Entry, the trial court sentenced appellant to five years for the second degree felony charge and three years for the third degree felony charge. The trial court ordered the sentences be served consecutively. It is from this judgment entry appellant prosecutes this appeal, raising the following errors for our review:
 {¶ 7} "I. THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 8} "II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO REQUEST A MISTRIAL AFTER THE APPELLANT'S PRIOR RECORD WAS MENTIONED AND FOR FAILING TO OBJECT TO THE INSTRUCTION GIVEN IN RESPONSE TO A JURY QUESTION OR IN THE ALTERNATIVE, THE TRIAL COURT ERRED IN GIVING THIS INSTRUCTION.
 {¶ 9} "III. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."
 I. {¶ 10} In appellant's first assignment of error, he maintains his convictions were against the manifest weight of the evidence. We disagree.
 {¶ 11} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: AAn appellate court=s function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant=s guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 12} At trial, the police detectives testified appellant admitted he had slapped the baby in the face, causing the baby's facial injuries. As part of the same interrogation, appellant told police he had thrown the infant in the air and accidentally dropped him on the floor. The jury heard evidence the leg fracture was caused by an adult applying a great amount of force to the bottom of the baby's foot. Dr. Langsdorf testified such a fracture could be caused by dropping a baby forcibly. Appellee maintains the jury could reasonably conclude from this testimony appellant also caused the child's leg fracture by throwing him in the air and then allowing him to fall.
 {¶ 13} With regard to the facial injuries, appellant actually confessed to the police about causing the injuries. The jury heard the tape recorded confession and appellant's argument he confessed only because the police would not stop interrogating him until he told them the version they wanted to hear. The jury was in the best position to assess the credibility of the evidence presented. We cannot find the jury lost its way in determining how the child's injuries were caused.
 {¶ 14} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 15} In appellant's second assignment of error, he maintains he was denied effective assistance of counsel. Appellant argues his trial counsel should have requested a mistrial after appellant's prior record was mentioned, and also failed to object to the trial court's response to a jury question. We disagree with appellant's contentions.
 {¶ 16} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct.
 {¶ 17} 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373; State v. Combs, supra.
 {¶ 18} In determining whether counsel=s representation fell below an objective standard of reasonableness, judicial scrutiny of counsel=s performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel=s conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 19} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel=s ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel=s unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 20} Appellant first maintains his counsel was ineffective for failing to move for a mistrial based upon improper testimony concerning his criminal record. When asked whether he was aware of appellant's date of birth, Det. Heaton of the Canton Police Department responded he had determined appellant's date of birth because appellant "had a record with the city." Tr. at 229. The court immediately and sua sponte, instructed the jury to disregard Officer Heaton's reference to appellant's record. Tr. at 229.
 {¶ 21} Jury's are presumed to follow the instruction of the trial court. State v. Twyford, 2002-Ohio-894, 94 Ohio St.3d 340. Because appellant cannot demonstrate in this record where the jury disregarded the court's curative instruction, appellant cannot demonstrate he was prejudiced from his counsel's failure to move for a mistrial, let alone that the trial court would have abused its discretion has such a motion been made and been overruled by the trial court. Accordingly, this portion of appellant's second assignment of error is overruled.
 {¶ 22} Appellant next contends his trial counsel was ineffective in failing to object to the trial court's response to a jury question. During deliberations, the jury returned with two questions. One question related to evidence and the jury was instructed to rely upon its collective memory as to what the testimony was. In the second question, the jury asked if "evidence from count 2 can be used on count 1 for circumstantial evidence." The trial court responded with the following instruction:
 {¶ 23} "You have the instruction of law regarding circumstantial evidence and separate charges. The court does further instruct you that you may, but are not required to, infer facts that you consider have been proven by proof beyond a reasonable doubt relative to one count in considering another count if you find that the facts are relevant to both counts." Tr. at 345-346.
 {¶ 24} In his brief to this Court, appellant argues the instruction was confusing, and invited the jury to convict appellant on one count because they had already determined he was guilty of count two. Appellant contends Ohio Jury Instructions Section 413.11 contains a multiple count instruction which advises the jury to consider each count and the evidence applicable to each count separately. The trial court actually read this instruction to the jury as part of the original charge. Appellant contends the trial court's answer to the jury's question was at best confusing, and therefore, his trial counsel should have objected to the instruction. We disagree.
 {¶ 25} The trial court's response to the jury's question informed the jury it could consider any fact which had been proven beyond a reasonable doubt in its deliberation of either count. This statement was not in conflict with the original charge given to the jury relative to multiple counts:
 {¶ 26} "The charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately and you must state your finding as to each count uninfluenced by your verdict as to the other count. The defendant may be found guilty or not guilty of any one or all of the offenses charged." Tr. at 333-334.
 {¶ 27} The trial court's answer to the jury's question does not tell the jury only certain facts may be considered for each count. Rather, the answer to the jury's question permitted the jury to consider evidence proven beyond a reasonable doubt with either or both counts, if the jury found the evidence relevant to either or both counts. While, in retrospect, the better choice might have been to reread the multiple count instruction contained in the original jury instructions, we cannot conclude the trial court's answer to the jury's question materially altered the first instruction given. Because we do not find this statement in conflict with the trial court's original charge, we find no prejudice resulted from appellant's trial counsel's decision not to object to the instruction.
 {¶ 28} Because we find no error in the trial courts' answer to the jury's question, we cannot find appellant's trial counsel's failure to object was ineffective assistance of counsel.
 {¶ 29} Appellant's second assignment of error is overruled.
 III {¶ 30} In appellant's third assignment of error, he maintains the trial court erred in imposing consecutive sentences.
 {¶ 31} In order to impose consecutive sentences when an offender is convicted of multiple offenses, a trial court must first find consecutive service is necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). The court must also find consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must find one or more of the following: a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense; b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id.
 {¶ 32} Appellant appears to concede the trial court made the requisite findings, and our review of the record indicates the trial court did make all required findings. Appellant argues, however, the trial court erred in relying upon appellant's prior record and the tender age of the child in its sentencing determination. We find both factors relevant in the determination of consecutive sentences.
 {¶ 33} Appellant's record was certainly a factor to be considered by the trial court, particularly when making the statutorily required finding consecutive sentences are necessary to protect the public from future crime and to punish defendant in light of the danger the defendant poses to the public. The fact the victim was five months old is also relevant to the assessment of the danger appellant poses to the public.
 {¶ 34} Because the trial court properly considered these facts in making the required findings, appellant's third assignment of error is overruled.
 {¶ 35} The July 3, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the July 3, 2002 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.